UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN HUNT, | Case No. 2:17-CV-1519 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| THE CITY OF BOULDER CITY, et al., | |
| Defendant(s). | |

Presently before the court is defendant Boulder City Police Department's ("BCPD") motion to dismiss. (ECF No. 9). Plaintiff John Hunt has not filed a response, and the period to do so has since passed.[1]

**I.  Facts**

This a civil rights action under 42 U.S.C. § 1983 arising from an arrest that occurred during a pedestrian crosswalk enforcement sting in Boulder City on June 8, 2016. (ECF No. 1).

Plaintiff alleges that defendant sergeant John Glenn, a BCPD officer, violated his First, Fourth, Fifth, and Sixth Amendment rights by wrongfully arresting and charging plaintiff with violations of NRS 484B.283 and 199.280.3. (ECF No. 1).

On May 30, 2017, plaintiff filed the underlying complaint against defendants Boulder City, BCPD, and Glenn, alleging sixteen causes of action: (1) violation of free speech and due process against Glenn; (2) search and seizure violation against Glenn; (3) excessive force against Glenn;

---

[1] Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Thus, by failing to file a timely response, plaintiff has consented to the granting of BCPD's motion to dismiss. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law); Fed. R. Civ. P. 83; LR 7-2(d). Notwithstanding, the court will address the merits of BCPD's motion to dismiss.

**James C. Mahan**
**U.S. District Judge**

violation of Fourth and Fourteenth Amendments against Glenn; (5) violation of due process against Glenn; (6) violation of Article I, Sections 1 and 9 of the Nevada Constitution against Glenn; (7) malicious prosecution against all defendants; (8) abuse of process against all defendants; (9) false arrest and imprisonment against all defendants; (10) excessive force against all defendants; (11) assault and battery against all defendants; (12) intentional infliction of emotional distress against all defendants; (13) negligent infliction of emotional distress against all defendants; (14) negligence against all defendants; (15) *respondeat superior* liability of Boulder City for state law violations; and (16) negligent hiring and supervision against Boulder City and BCPD. (ECF No. 1).

In the instant motion, BCPD moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that BCPD does not have the power to sue or be sued in its own name. (ECF No. 9).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

James C. Mahan
U.S. District Judge

- 2 -

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

In the instant motion, BCPD argues that "[b]ecause BCPD is a department of Boulder City and due to the absence of statutory authorization, [p]laintiff cannot sue BCPD in its own name (as it is a department of Boulder City and may not sue or be sue)." (ECF No. 9 at 6). Citing to Rule 19(b) and quoting the holding in *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996)—"[i]n absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued"—BCPD contends that "the Nevada Supreme Court observed that departments such as BCPD are not *sui juris* in that they do not have the power to sue and be sued in their own name." (ECF No. 9 at 7) (emphasis omitted).

BCPD's reliance on *Wayment* is misplaced as the Boulder City Police Department is not a department of the municipal government, rendering *Wayment* in applicable. Moreover, the circumstances in *Wayment* are distinguishable from the instant case. *Wayment* involved

allegations of tortious discharge against the Washoe County District Attorney's office, whereas the instant case involves § 1983 liability against the Boulder City Police Department.

Despite BCPD's assertion to the contrary, BCPD may be sued in its own name particularly for liability under § 1983. Conveniently, BCPD's motion cites to a Ninth Circuit case that rejects BCPD's exact argument. (ECF No. 9 at 6). In *Streit v. Cty. of Los Angeles*, the Ninth Circuit rejected the Los Angeles County Sheriff's Department's argument—that it is not a separately suable entity in federal court under Rule 17(b)—and held that "under Rule 17(b), a Police Department may be sued in Federal Court." 236 F.3d 552, 565 (9th Cir. 2001) (finding no basis for distinguishing between the suability of a sheriff's department and the suability of a police department).

In light of the foregoing, BCPD has failed to show that dismissal is proper on the basis that "BCPD cannot be sued and, therefore, is an improperly named party." (ECF No. 9 at 7). Accordingly, the court will deny BCPD's motion to dismiss. (ECF No. 9).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BCDP's motion to dismiss (ECF No. 9) be, and the same hereby is, DENIED.

DATED July 10, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**